**07 CV 11345**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X
MONJASA A/S,                                     :

                Plaintiff,           :

  - against -                                   :

MARFUEL PTE. LTD.,                               :

               Defendant.         :
------------------------------------------------X

07 CV
ECF CASE

RECEIVED DEC 18 2007 U.S.D.C. S.D.N.Y. CASHIERS

## VERIFIED COMPLAINT

Plaintiff, MONJASA A/S (hereinafter referred to as "Plaintiff" or "MONJASA"), by and through its attorneys, Tisdale Law Offices LLC, as and for its Verified Complaint against the Defendant, MARFUEL PTE. LTD., (hereinafter referred to as "Defendant" or "MARFUEL"), alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2. At all times material to this action, Plaintiff was, and still is, a foreign company duly organized and operating under foreign law with a principal place of business in Denmark.

3. Upon information and belief, Defendant was, and still is, a foreign corporation or other business entity organized under and existing by virtue of foreign law with a principal place of business at the following address: 231A South Bridge Road, Singapore, 058780

4. On or about August 2006 Plaintiff as seller and Defendant as buyer entered into a contract for the purchase of a cargo of marine gas oil (the "bunkers") for the M/V RYN CHUAN No. 88 (the "Vessel").

5. Certain disputes arose between the parties after the Defendant failed to pay for the bunkers as required by the contract.

6. As a result of Defendant's breaches the contract, Plaintiff has suffered damages in the principal amount of $35,876.85.

7. Plaintiff has commenced legal proceedings in the Subordinate Courts of the Republic of Singapore.

8. Despite due demand, Defendant has failed to pay the sums due and owing as a result of its breaches of the contract.

9. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in Singapore court proceedings. As best as can now be estimated, Plaintiff expects to recover the following amounts:

| | | |
|---|---|---|
| A. | Principal claim: | $35,876.85 |
| B. | Estimated interest on claims: 3 years at 5.33% (the Singapore Statutory Rate) | $6,053.87 |
| C. | Estimated attorneys' fees: | $50,000.00 |
| **Total** | | **$91,930.72** |

10. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendant.

11. The Plaintiff seeks an order from this court directing the Clerk of Court to

issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any property of the Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant, to compel arbitration and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A.  That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint, failing which default judgment be entered against it in the sum of **$91,930.72.**

B.  That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$91,930.72** belonging to, due or being transferred to, from, or for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishee(s) to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.  That pursuant to 9 U.S.C. §§201 et seq. this Court recognize and confirm any London arbitration award in Plaintiff's favor against the Defendant as a judgment of this Court;

D.  That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

E.  That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated: December 18, 2007
New York, NY

The Plaintiff,
MONJASA A/S,

By: _____
Lauren C. Davies (LD 1980)
Thomas L. Tisdale (TT 5263)
TISDALE LAW OFFICES LLC
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025 – phone
(212) 869-0067 – fax
ldavies@tisdale-law.com
ttisdale@tisdale-law.com

## ATTORNEY'S VERIFICATION

State of Connecticut  )
                      )   ss.:   City of Southport
County of Fairfield   )

1. My name is Lauren C. Davies.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an Associate in the firm of Tisdale Law Offices, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:    December 18, 2007
          Southport, CT

                                          _____
                                          Lauren C. Davies